### TIME WITHIN WHICH SUIT MAY BE BROUGHT.

Court of Appeals for Mahoning County.

JOSEPH CORTESI ET AL v. FIREMEN'S FUND INSURANCE COMPANY.*

Decided, October Term, 1915.

*Action on Policy of Fire Insurance—Dismissed Otherwise than on its Merits—New Action Not Barred—By Lapse of More than One Year After Occurrence of the Fire—Section 11233.*

A clause which shortens the statute of limitations, as to the time for bringing suit on the contract in which said contract is incorporated, can not be enforced in the face of the provision of Section 11233, having reference to the time within which suit may be brought in cases which have failed otherwise than on the merits.

*D. J. Hartwell* and *E. H. Moore,* for plaintiffs in error.
*J. W. Mooney,* contra.

HOUCK, J. (of the Fifth Appellate District, sitting in place of Spence, J.).

This is an action in this court on error to the judgment of the Common Pleas Court of Mahoning County, Ohio.

---

*Motion to require the Court of Appeals to certify its record in this case overruled, May 23, 1916.

The original action arose out of a policy of insurance issued by the Firemen's Fund Insurance Company on the property of the plaintiffs in error, the policy covering a building located in the city of Youngstown, Ohio, and in an amount not to exceed $1,200.

The petition contained two causes of action: the first seeking a reformation of the contract of insurance, and the second praying for a judgment on the reformed contract for the sum of $1,200.

The cause was heard, and the contract of insurance was reformed, as prayed for in the petition. Thereafter the cause came on for trial on the second cause of action, and the same was dismissed by the court for want of prosecution.

Thereafter, and within one year after the dismissal of the second cause of action, as aforesaid, but not within twelve months next after the fire, the plaintiffs in error filed their petition in the common pleas court, alleging therein that by a decree of said court the contract of insurance had been reformed; the loss by fire of the building; the failure otherwise than upon its merits of the second cause of action in the former suit; a full compliance with all the terms and conditions of said policy, and prayed for judgment against the defendant for the sum of $1,200.

The defendant filed its answer to said petition, alleging, among other things, that said policy of insurance contained the following provision:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance, by the insured, with all the foregoing requirements, nor unless commenced within twelve months after the fire."

The cause was submitted to a jury, and after the plaintiffs had submitted their evidence the defendant moved the court to direct the jury to return a verdict for the defendant, upon the ground that the evidence disclosed the fact that the suit at bar had not been brought within twelve months after the fire; and thereupon the court sustained the motion, and the jury returned its

verdict for the defendant. A motion for a new trial was filed, heard, and overruled, and judgment was entered on the verdict.

Error is prosecuted to this court seeking a reversal of the judgment of the court below for sustaining the motion for a directed verdict, and in overruling plaintiffs' motion for a new trial.

The question presented for determination is, Does the stipulation in the policy of insurance that ''suit must be commenced within twelve months after the fire'' abrogate and set aside the provisions of Section 11233 of the General Code, which provides:

''In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.'' * * *

The stipulation in the policy that no suit could be maintained to recover on the policy, unless brought within twelve months after the fire, was intended to shorten the statute of limitations with reference to the time of bringing the action; but how can it be properly claimed, or the contention of defendant in error sustained by any reasonable principle of law or justice, in the face of the provisions of Section 11233 of the General Code? Such a contract between the parties could not in any way abrogate, set aside and hold for naught the provisions of said section, stating as to when actions may be commenced unless they have been determined upon their merits.

The action at bar was not determined upon its merits in the former suit, and after the dismissal of the former suit a new action was brought—the one at bar—within the year, and we think properly so. The plaintiffs never had their ''day in court'' until the filing of the action and its trial in the present case.

The stipulation in the contract that ''no action could be maintained on the policy unless commenced within twelve months

after the fire,'' in no way waived or abrogated the rights of plaintiffs under Section 11233 of the General Code. When the parties herein entered into the stipulation or agreement contained in the policy they must have, or at least should have, considered it in the light of the provisions of said statute. It is presumed they knew the law, and that it was their intention to make their contract in conformity thereto, and if they did not do so, the defendant in error can not now complain because it was in violation of and not in conformity with the provisions of the general statute governing the same. A contract for a shorter limitation does not control in face of the general statute, which must govern in such cases.

We have made a careful examination of the authorities cited by counsel in this case, and have examined many other authorities and decisions of courts not only in our own, but other states, bearing on the proposition before us, and we feel that the rule herein laid down is applicable to the case at bar. The case of *Railway Company* v. *Bemis,* 64 Ohio State, page 26, while not directly in point, was a material aid to us in arriving at our conclusion.

A majority of the court is of the opinion that the judgment of the common pleas court should be reversed. Judgment reversed, and cause remanded to the common pleas court for a new trial.

METCALFE, J., concurs; POLLOCK, J., dissents.